UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Bluefield Division

BRIAN BLANKENSHIP,

    Plaintiff,

v.                                CASE NO. 1:13-8048
                                (formerly Mercer County 13-C-333)

T.D. AMERITRADE, INC.,

    Defendant.

## DEFENDANT T.D. AMERITRADE, INC.'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441, 1446, and 1331, Defendant, T.D. Ameritrade ("TDA") gives notice of the removal of the above-captioned matter Civil Action 13-C-333, formerly pending in the Magistrate Court of Mercer County, West Virginia, to the United States District Court for the Southern District of West Virginia, Bluefield Division. In support of removal, the TDA states as follows:

    1.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) in that it is being filed within thirty (30) days after it became clear that the action was removable. The Complaint was served upon TDA, through the West Virginia Secretary of State on February 13, 2013. At that time, the basis for Mr. Blankenship's was unclear, as a result of which TDA filed a Motion for a More Definite Statement on March 13, 2013. Mr. Blankenship served a Response to the Motion for a More Definite Statement to TDA on April 1, 2013, which, for the first time, identified federal law (the Securities & Exchange Act and regulations promulgated thereunder) as the basis for his claim.

    2.    The Magistrate Court of Mercer County is located within the Southern District of West Virginia, Bluefield Division. Local Rule of Civ. Pr. 77.2.

3. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served upon TDA, along with a copy of the State Court Docket Sheet, are attached as Exhibit 1.

4. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, along with a Notice of Filing of the Notice of Removal, is being sent to the opposing party and filed with the Clerk of the Magistrate Court of Mercer County, West Virginia. A copy of the Notice of Filing of the Notice of Removal is attached as Exhibit 2.

5. By filing this Notice of Removal, Defendant does not waive any available defenses.

## THIS COURT HAS ORIGINAL JURISDICTION
### (Federal Question Jurisdiction)

6. This case involves one or more questions of federal law. In this civil action, Mr. Blankenship alleges, among other things, that TDA directly violated his rights under the Securities and Exchange Act of 1934. Specifically, Mr. Blankenship alleges as follows:

> 26. The responsibility of Defendant to obtain possession or control of securities and their obligation to deliver a certificate are "substantive obligations" imposed by the rules and regulations and Section 15c3-3(b)(1) Securities Exchange Act 1934 which states that: A broker or dealer shall promptly obtain and shall thereafter maintain the physical possession or control of all fully-paid securities and excess margin securities carried by a broker or dealer for the account of customers.
>
> 27. By not getting the seller to perform, the Defendants are in breach of this section and their performance is not completed until physical possession of the certificates is delivered to Mr. Blankenship.
>
> 28. Compliance with security laws is mandatory, not discretionary, and TDA's failure to do has caused damage to Mr. Blankenship.

2

Response at 7-8.[1]

7. Thus, on its face, the Response alleges interference with the Mr. Blankenship's rights under the Securities and Exchange Act. That is, Mr. Blankenship's claims arise under the "Constitution, laws, or treaties" of the United States" within the meaning of 28 U.S.C. § 1331, and this matter is, therefore, removable under 28 U.S.C. § 1441(b), which states that "[a]ny civil action for which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties".

8. This Court has supplemental jurisdiction over all claims in this action pursuant to 28 U.S.C. § 1367.

9. TDA reserves the right to amend or to supplement this Notice of Removal or to present additional arguments and/or legal authority in support of the removal of this case.

Dated: April 15, 2013

T.D. AMERITRADE, INC.

By Counsel

/s/ Mychal S. Schulz
Mychal S. Schulz (WVSB #6092)
Katherine M. Santmyer (WVSB #12059)
DINSMORE & SHOHL LLP
P.O. Box 11887
Charleston, West Virginia 25339
(304) 357-0900; (304) 357-0919 fax
*Counsel for T.D. Ameritrade, Inc.*

---

[1] Mr. Blankenship initially filed a Complaint in the Magistrate Court of Mercer County that was, to put it kindly, sparse. TDA, therefore, filed a Motion for a More Definite Statement, in response to which Mr. Blankenship filed a Response that, for the first time, provided factual allegations and the basis for the relief that he seeks. It is the substance of this Response that permitted TDA to remove this matter to this Court on federal question grounds, and it is the Response that contains the allegations that reflect why TDA is entitled to remove this action to this Court.

3

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Bluefield Division

BRIAN BLANKENSHIP,

    Plaintiff,

v.                             CASE NO. _____
                                (formerly Mercer County 13-C-333)

T.D. AMERITRADE, INC.,

    Defendant.

## CERTIFICATE OF SERVICE

On April 15, 2013, I electronically filed the foregoing Notice of Removal with the Clerk of the Court through the CM/ECF system. Further, I have served a copy via U.S. Mail, postage prepaid, on Plaintiff to the following address:

                Brian Blankenship
                882 Oakland Dr.
                Princeton, WV 24739
                   *Plaintiff*

                */s/ Mychal S. Schulz*
                Mychal S. Schulz (WVSB #6092)

285526v1