IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | | |
|---|---|---|
| **BRIAN BLANKENSHIP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Civil Action No. 1:13-8048 |
| | ) | |
| **T.D. AMERITRADE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Defendant's Motion for Relief from Judgment (Document No. 7.), filed on April 26, 2013. Plaintiff has filed his Response to Defendant's "Motion (Document No. 8.), and Defendant has filed its Reply (Document No. 9.). Having considered the circumstances presented and applicable law, the undersigned finds, and respectfully recommends, that Defendant's Motion should be granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

On February 8, 2013, Plaintiff filed his Complaint in the Magistrate Court of Mercer County, West Virginia.[1] (Document No. 1-2, pp. 2 - 3.) In his Complaint, Plaintiff alleged as follows:

> On 8-17, 8-24, and 8-25 of 2005, I purchased 170,000 shares of Bancorp International Group, Inc. (BCIT) through my broker T.D. Ameritrade. In total I paid $1,942.97. Since September 2011, I made several requests for my certificates and it was refused. I requested a refund as well, and they also refused as the defendant stated my trades were good and valid and that the shares were in my account. I have made further requests for my certificates and they have been refused. I want my certificates to be delivered to me.

(Id., p. 3.) On March 13, 2013, Defendant filed a Motion for More Definite Statement. (Id., pp. 4 -

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

7.) On March 22, 2013, Mercer County Magistrate Fowler scheduled a hearing on the Motion for April 15, 2013. (Document No. 7-1, p. 11.) On April 1, 2013, Plaintiff filed his Response alleging that Defendant had violated the Securities Exchange Act. (Id., pp. 13 - 22.) By letter faxed on April 15, 2013, defense counsel notified Mercer County Magistrate Court that a hearing on the Motion for More Definite Statement was unnecessary as counsel planned to filed a Notice of Removal "by the close of business today." (Id., pp. 24 - 25.) By Judgment Order entered on April 15, 2013, Magistrate Fowler entered Judgment in favor of Plaintiff awarding him 170,000 shares of Bancrop International Group, Inc. (Id., p. 27.) On April 15, 2013, subsequent to the entry of Judgment, Defendant filed its Notice of Removal and "Motion to Dismiss, or in the Alternative, Motion to Refer to Arbitration" with this Court. (Document Nos. 1 and 3.) Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on April 23, 2013, advising him of the right to file a response to the Defendant's "Motion to Dismiss, or in the Alternative, Motion to Refer to Arbitration." (Document No. 4.) On April 26, 2013, Defendant filed its "Motion for Relief from Judgment." (Document No. 7.) On May 16, 2013, Plaintiff filed his Response to Defendant's "Motion for Relief from Judgment." (Document No. 8.) Defendant filed its Reply on May 23, 2013. (Document No. 9.)

## DISCUSSION

**1.     Removal from State Court:**

First, the Court must determine whether the instant case was appropriately removed following the entry of a Judgment Order by the Mercer County Magistrate Court. Title 28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the

district court of the United States for the district and division embracing the place where such action is pending." Plaintiff contends that Defendant is "in breach of several Rules of Civil Procedure for West Virginia Magistrates Court and West Virginia Rules of Civil Procedure." (Document No. 8.) Specifically, Plaintiff claims that "[a]s the judgment was made by the magistrate court, the Defendant was obliged under Rule 18(a) Rules of Civil Procedure for West Virginia Magistrates Court to file a notice of appeal with the magistrate court within 20 days of the judgment." (Id.) In Reply, Defendant argues that the West Virginia Magistrates Court and West Virginia Rules of Civil Procedure are immaterial as the Federal Rules of Civil Procedure are applicable after the filing of a Notice of Removal. (Document No. 9, pp. 3 - 4.) Generally, a case is not removable to Federal Court after a State Court has rendered a final judgment. See Four Keys Leasing & Maintenance Corp. v. Simithis, 849 F.2d 770, 774 (2nd Cir. 1988). "The proper analysis in determining whether a removable case existed does not examine whether the order was final at the time entered, but whether the order was still subject to the state court's modification or jurisdiction at the time of removal." Aiken v. Waffle House, Inc., 509 F.Supp.2d 541, 545 (D.S.C. June 14, 2007)(citing Holmes v. AC & S, Inc., 388 F.Supp.2d 663, 668 (E.D.Va. 2004). A review of the record reveals that Defendant filed its Notice of Removal approximately three hours after the Mercer County Magistrate Court entered its Judgment Order. Rule 17(a) of the Rules of Civil Procedure for Magistrate Courts of West Virginia provides that "[w]ithin 20 days after judgment is entered, any dissatisfied party may file a motion requesting that the judgment be set aside and a new trial held." Additionally, Rule 18(a) provides that any party as a matter of right may appeal a final judgment to circuit court "[w]ithin 20 days after judgment is entered." Thus, the Judgment Order entered by the Mercer County Magistrate Court was still subject to the State Court's modification or jurisdiction

at the time of removal.[2] Accordingly, the undersigned finds that this case was removable to federal Court.

## 2.      Timeliness of Removal:

Next, the Court will consider whether removal was timely. Title 28 U.S.C. § 1446(b)(1) provides as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the serviced of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). In the

---

[2] "Under the *Rooker-Feldman* doctrine, lower federal Courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997)(*citing District of Columbia Ct. App. v. Feldman*, 460 U.S. 462, 482-86, 103 S.Ct. 1303, 1314-17, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923)); *also see Friedman's Inc. v. Dunlap*, 290 F.3d 191, 196 (4th Cir. 2002)(*quoting Jordahl v. Democratic Party of Va.*, 122 F.3d 191, 196 (4th Cir. 2002)("[F]ederal courts are divested of jurisdiction 'where entertaining the federal claim should be the equivalent of an appellate review of the state court order.'")). The Fourth Circuit has explained that "the *Rooker-Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Virginia Dept. of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006). The Rooker-Feldman doctrine is inapplicable in the instant case because Defendant removed to case to Federal Court. *See Aiken*, 509 F.Supp.2d at 544, fn. 2 (citing *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198-99 (4th Cir. 2000)("Cases invoking the [*Rooker-Feldman*] doctrine involve *separate* federal court actions, filed in the original jurisdiction of the court, rather than removal of state court actions over which the federal court has, at the time of removal, original jurisdiction.")

instant case, Plaintiff contends that Defendant acted untimely because "[t]he Notice of Removal to District Court should have been made in writing and filed with the court and served upon all parties not less than 10 days before the first date scheduled for trial." (Document No. 8, p. 3.) Defendant, however, argues that their Notice of Removal was timely pursuant to the Federal Rules of Civil Procedure. (Document Nos. 7 and 9.) Defendant explains that it was unaware Plaintiff was asserting a violation of federal law until Plaintiff filed his Response to Defendant's Motion for More Definite Statement on April 1, 2013. (Id.) Based upon a review of Plaintiff's initial Complaint, the undersigned finds that it could not be ascertained that the case was one which was removable to Federal Court. (Document No. 1-2, p. 3.) It was not until the filing of Plaintiff's Response to Defendant's Motion for More Definite Statement on April 1, 2013, that it became clear that Plaintiff was asserting a violation of federal law making the case removable to Federal Court. (Id., pp. 8 - 17.) Defendant filed its Notice Removal on April 15, 2013, fourteen days after Plaintiff filed his Response. Accordingly, Defendant's Notice of Removal filed on April 15, 2013, was timely.

**3.      Motion for Relief From Judgment:**

"Upon removal 'after a state court judgment has been entered, a district court should immediately adopt the judgment as its own. Thereafter, the parties should follow the applicable rules regarding post-judgment motions and notices of appeal.'" Aiken, 509 F.Supp.2d at 545 (citing Resolution Trust Corp. v. Allen, 16 F.3d 568, 575 (4th Cir. 1994). Thus, the undersigned will now consider the merits of Defendant's "Motion for Relief from Judgment" requesting relief from the Magistrate Judgment Order entered on April 15, 2013. (Document No. 7.) To obtain relief under Rule 60(b) of the Federal Rules of Civil Procedure, a party must show timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances. See Dowell

v. State Farm Fire & Casualty Insurance Co., 993 F.2d 46, 48 (4th Cir. 1993)(quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984). Once a party satisfies the initial threshold, the party must satisfy one of the six specific sections of Rule 60(b). Rule 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>>
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>>
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>>
>> (4) the judgment is void;
>>
>> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>>
>> (6) any other reason that justifies relief.

### A.   *Initial Threshold.*

Defendant argues that it has satisfied the initial threshold because "(1) this motion is timely, (2) [Defendant] has a meritorious defense, (3) Mr. Blankenship would not be unfairly prejudiced, and (4) exceptional circumstances exist." (Document No. 7, p. 3.) First, Defendant states that the Motion is timely "as it was filed 11 days after entry of the Magistrate Judgment Order on April 15, 2013, and less than 7 days after [Defendant] actually received a copy of the Magistrate Judgment Order." (Id.) Second, Defendant asserts that it "has a meritorious defense, as detailed in its Motion to Dismiss." (Id.) Third, Defendant contends that Plaintiff will not be unfairly prejudiced if relief is granted as "(a) he had no reason to believe the magistrate court would be ruling on the merits of the case at the hearing; (b) without proper notice that Magistrate Fowler would hear or rule upon the

merits of this matter at the April 15, 2013 hearing, the judgment is void; (c) under West Virginia Code § 50-5-12, [Defendant] is entitled to a trial de novo; and (d) this matter is still in its infancy, no discovery has taken place, and TDA has not yet filed its answer to the Complaint." (Id.) Finally, Defendant argues that the circumstances surrounding Magistrate Fowler's ruling are exceptional because he "ruled upon the merits of this matter without notice to [Defendant], which has not yet even answered the Complaint, and after being put on notice that [Defendant] would be removing this matter to Federal Court." (Id., p. 4.)

Plaintiff contends that Defendant acted untimely because "[t]he Notice of Removal to District Court should have been made in writing and filed with the court and served upon all parties not less than 10 days before the first date scheduled for trial." (Document No. 8, p. 3.) Next, Plaintiff argues that "Defendant does not have a meritorious defense" because "[t]he only defense in law open to the defendant not to deliver my certificates is under the Uniform Commercial Code 8-508 if they are insolvent or under SIPC protection and they are not." (Id., p. 4.) Plaintiff further asserts that "defendants know they have no defense and that this has been confirmed by the FINRA arbitration case Grabowski v. T.D. Ameritrade." (Id.) Third, Plaintiff argues that "this motion is unfair and prejudicial against the Plaintiff" because "Magistrate Fowler reinforced the FINRA decision and ordered the defendant to deliver me a certificate for my shares." (Id., pp. 4 - 5.) Fourth, Plaintiff claims that "the circumstances surrounding Magistrate Fowler's ruling were not exceptional" because "the date was fixed and defendants failed to turn up." (Id., p. 5.) Plaintiff explains that "the motion was heard at the allotted time, I was there but the Defendant failed to appear and counter my claim so the magistrate is entitled under Rule 10 Rules of Civil Procedure for West Virginia Magistrates Court to issue a default judgment." (Id.)

7

In Reply, Defendant first argues that its "failure to appear at the April 15, 2013, hearing on its Motion for a More Definite Statement does not justify the Judgment Order." (Document No. 9, p. 2.) Defendant explains that "[n]ot only did counsel for [Defendant] call Magistrate Fowler prior to the hearing to inform him that [Defendant] intended to remove the case and the hearing was not necessary, but they faxed a letter to Magistrate Fowler (copied to Mr. Blankenship) to follow up on the phone call." (Id., p. 3.) Defendant further asserts that "the only item to be taken up at the hearing on April 15 was [Defendant's] Motion for a More Definite Statement." (Id.) Second, Defendant argues that its Motion is timely as the "Motion for Relief, and Notice of Removal are subject to the Federal Rules of Civil Procedure, not the West Virginia Rules of Civil Procedure." (Id., pp. 3 - 4.) Finally, Defendant argues that the Grabowski arbitration is irrelevant to Mr. Blankenship's claims. (Id., p. 5.) Defendant asserts that "the Grabowski arbitration did not include Mr. Blankenship or his asserted claims."[3] (Id.)

Based upon a review of the record, the undersigned finds that Defendant has satisfied the initial threshold. First, Defendant promptly filed its Motion for Relief from Judgment on April 26, 2013, eleven days after the entry of the Magistrate Judgment Order. Second, Defendant asserts a meritorious defense in its Motion to Dismiss. In the Motion to Dismiss, Defendant argues that Plaintiff's claims must be dismissed based upon the following: (1) "Neither Section 15(c)(3) of the Securities Exchange Act nor SEC Rule 15c3-3 provides Mr. Blankenship with a private right of action;" (2) "Dismissal is necessary absent a private right of action"; and (3) "Mr. Blankenship's claims are subject to an Arbitration Agreement." (Document No. 3.) Third, the Court finds that Plaintiff will not be unfairly prejudiced. The record reveals that Magistrate Fowler entered Judgment

---

[3] There is no indication in the record that Plaintiff was a party to the *Grabowski* arbitration.

in Plaintiff's favor without properly noticing a hearing on the merits of the case. Magistrate Fowler issued a notice scheduling a pretrial hearing on Defendant's Motion for More Definite Statement with no indication that the merits of the case were going to be considered. Finally, the undersigned finds that exceptional circumstances exist. Defense counsel contacted Magistrate Fowler's office on April 15, 2013, informing staff that counsel would be filing a Notice of Removal and a hearing on the Motion for More Definite Statement was unnecessary. Magistrate Fowler proceeded with the hearing, without defense counsel's presences, and entered Judgment in favor of Plaintiff. Again, there is no indication in the record that Magistrate Fowler provided notice that the merits of the case would be considered at the pretrial hearing. Within hours after the entry of Judgment by Magistrate Fowler, Defendant filed its Notice of Removal with this Court. Accordingly, the Court finds that exceptional circumstances exist.

### *B.     Rule 60(b) Requirements.*

Next, the Court must consider whether Defendant has satisfied one of the six specific section of Rule 60(b). Defendant claims that the following "specific reasons have been satisfied: (1) mistake, inadvertence, surprise, or excusable neglect, (5) a void judgment, and (6) any reason that justified relief." (Document No. 7, pp. 4 - 8.) Plaintiff, however, argues that Defendant is not entitled to relief under Rule 60(b) because there was no "mistake, inadvertence, surprise, and excusable neglect." (Document No. 8, p. 6.) Plaintiff asserts that the "only neglect was by the defendant and their attorneys, and it is not excusable." (Id.) Plaintiff next contends that Defendant "is not entitled to relief under Rule 60(b)(4) because the Magistrate Judgment Order is not void." (Id., p. 7.) Plaintiff explains that "the judgment was made in a manner consistent with the due process of law and it was the Defendant that failed to follow the due process of law." (Id.)

9

The Court finds that Defendant has satisfied at least one of the six specific section of Rule 60(b). Specifically, the undersigned finds that Defendant has satisfied Rule 60(b)(1).[4] The record reveals that Magistrate Fowler's Judgment Order was the result of mistake, inadvertence, or excusable neglect. As state above, Defendant did not receive notice that Magistrate Judge Fowler intended to hear and rule upon the merits of the case at the April 15, 2013, hearing. The notice of hearing issued by the Magistrate Court concerned Defendant's Motion for More Definite Statement. Additionally, defense counsel notified Magistrate Fowler's staff that Defendant was filing a Notice of Removal in Federal Court and the hearing was unnecessary. Due to mistake, inadvertence, or excusable neglect, Magistrate Fowler proceeded with the hearing and entered Judgment in favor of Plaintiff. Furthermore, Defendant was undoubtably surprised by the Judgment Order since there was no notice that the merits of the case would be considered and counsel advised the Magistrate Court that it was filing a notice of removal. Based on the foregoing, the undersigned finds that Defendant's Motion for Relief from Judgment should be granted.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** Defendant's Motion for Relief From Judgment (Document No. 7.) and refer this matter back to the undersigned for further proceedings.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber.

---

[4] The Court finds it unnecessary to consider the remaining arguments set forth in Defendant's Motion.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: May 31, 2013.

R. Clarke VanDervort
United States Magistrate Judge