IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD


BRIAN BLANKENSHIP,

      Plaintiff,

v.                            Civil Action No: 1:13-8048


T.D. AMERITRADE, INC.,

      Defendant.


**<u>MEMORANDUM OPINION AND ORDER</u>**

     Pending before the court is defendant's motion for relief from judgment (Doc. No. 7).  By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  (Doc. No. 2). For the reasons that follow, the court adopts the magistrate judge's factual and legal analysis and grants defendant's motion for relief from judgment.

**I.   Factual and Procedural Background**

     This case is before the court after a somewhat peculiar and convoluted procedural background.  On February 8, 2013, plaintiff, proceeding pro se, filed a complaint in the

Magistrate Court of Mercer County West Virginia.[1]  (Doc. No. 1-2
at 2-3).  Plaintiff's complaint provides a simple one-paragraph
allegation.  Id.  It states that he purchased shares of Bancorp
International Group, Inc. through his broker, the defendant, and
that he has not received the certificates.  Id.  On March 13,
2013, defendant filed a motion for a more definite statement in
the magistrate court.  Id. at 4-7.  On March 22, 2013, Mercer
County Magistrate Fowler scheduled a hearing for April 15, 2013.
(Doc. No. 7-1 at 11).  Presumably, the hearing was to concern
defendant's motion for a more definite statement.  However, the
notice to appear does not state as such, and this point is in
contention.  Plaintiff filed a response to the motion for a more
definite statement on April 1, 2013.  Id. at 13-22.  In the
response, plaintiff alleged, among other things, that defendant
violated the Securities Exchange Act.  Id.

    On the date of the scheduled hearing – April 15 – defense
counsel notified the magistrate court by a faxed letter that the
hearing would be unnecessary because counsel planned to file a
notice of removal to federal court "by the close of business
today."  Id. at 24-25.  Nonetheless, Magistrate Fowler held the

---

[1] The magistrate court is a small claims court with jurisdiction
over claims where the amount in controversy does not exceed
$5,000.  See W. Va. Code § 50-2-1.  The Rules of Civil Procedure
for the Magistrate Courts of West Virginia provide a truncated
procedure to promote the speedy resolution of small claims.  See
generally Rules of Civil Procedure for the Magistrate Courts of
West Virginia.

hearing with only plaintiff present and decided the case on the merits rather than simply addressing the motion for a more definite statement.  Magistrate Fowler entered judgment in favor of plaintiff awarding him 170,000 shares of Bancorp International Group, Inc.  Id. at 27.  On the same day, but after judgment had been entered, defendant filed a notice of removal in this court.  (Doc. No. 1).  Along with this notice, defendant filed a motion to dismiss, or in the alternative, to refer to arbitration.  (Doc. No. 3).

The instant motion – defendant's motion for relief from judgment – was filed on April 26, 2013.  The magistrate judge submitted his proposed findings and recommendation ("PF&R") with respect to this motion on May 31, 2013.  (Doc. No. 10), hereinafter cited as "PF&R."  He recommended that the court grant defendant's motion and refer this matter back to him for further proceedings.  In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to the PF&R.  Plaintiff filed objections to the PF&R on June 7, 2013.  (Doc. No. 11, hereinafter cited as "Objections").

## II.  Standard of Review

A party that disputes a PF&R "may serve and file specific written objections to the [PF&R]."  Fed. R. Civ. P. 72(b)(2)

3

(emphasis added).  This court is required to make a de novo determination of any part of the magistrate judge's PF&R that has been properly objected to.  Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1)(C).  Any portion of the magistrate judge's PF&R that has not been properly objected to is reviewed only for clear error, if at all.  Compare Fed. R. Civ. P. 72 advisory committee notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."), with Thomas v. Arn, 474 U.S. 140, 149-52 (1985) ("Petitioner first argues that a failure to object waives only de novo review, and that the district judge must still review the magistrate's report under some lesser standard.  However, § 636(b)(1)(C) simply does not provide for such review.").

## III.  Plaintiff's Objections to the PF&R

The magistrate judge's PF&R addressed the propriety of removal after the entry of judgment, the timeliness of removal, and defendant's motion for relief from judgment.  Despite the fact that plaintiff's only specific objection relates to the motion for relief from judgment, the court will briefly discuss removal because it concerns subject matter jurisdiction.

4

## a. Removal and Jurisdiction

First, the magistrate judge determined removal was proper despite the existence of a state court judgment because "'[t]he proper analysis in determining whether a removable case existed does not examine whether the order was final at the time entered, but whether the order was still subject to the state court's modification or jurisdiction at the time of removal.'" PF&R at 3 (citing Aiken v. Waffle House, Inc., 509 F. Supp. 2d 541, 545 (D.S.C. 2007)).  And since the judgment in plaintiff's favor was still subject to state court jurisdiction either through a motion for a new trial or a direct appeal, removal of the case was proper.  PF&R at 3-4.  Second, the magistrate judge determined that removal was timely because defendant removed the case fourteen days after plaintiff filed his response to defendant's motion for a more definite statement which was the "paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3); PF&R at 4-5.

Plaintiff does not provide any specific objection to the PF&R with respect to removal.  Nonetheless, because removal concerns the power of this court, the court will briefly state why jurisdiction is proper.  Admittedly, it is not the easiest task given that plaintiff's filings do not exactly clarify on what basis he is seeking relief.  On this record, however, the

court is satisfied that it has jurisdiction.  Plaintiff plainly

alleges violations of the federal Securities Exchange Act.

(Doc. No. 1-2 at 13-15).  And while defendant argues in its

motion to dismiss that none of the provisions of the Securities

Exchange Act cited by plaintiff provide a private right of

action, whether such a private right exists is itself a federal

question.  Nonetheless, plaintiff states in his objections that

"[t]he cause of action – a property liability – is not a federal

law claim."  Objections at 2.  If plaintiff believes that

jurisdiction is lacking, as he appears to state in his

objections, he can file a motion to remand and provide an

articulate statement of the basis of his claim for relief and

why this court lacks jurisdiction.  The court notes that because

such a motion would be based on a lack of subject matter

jurisdiction, it would not have to have been filed within thirty

days after the filing of the notice of removal as is required

for all other motions to remand.  See 28 U.S.C. § 1447(c).  As

it stands now, however, the court has jurisdiction given the

allegations in plaintiff's response to defendant's motion for a

more definite statement.

### b. Defendant's Motion for Relief From Judgment

Before addressing plaintiff's objections to the PF&R

concerning defendant's motion for relief from judgment, it is

necessary that this court formally adopt the judgment entered by

Magistrate Fowler as its own judgment.  This is the procedural

mechanism adopted by the Fourth Circuit in <u>Resolution Trust</u>

<u>Corporation v. Allen</u>, 16 F.3d 568 (4th Cir. 1994).  There, the

court adopted what it called a "hybrid procedure," whereby

> [I]mmediately after removal the district court
> would adopt the state court judgment as its
> own.  After this adoption, the judgment would
> be treated the same as other judgments entered
> by the district court and the parties would
> follow the ordinary rules regarding post-
> judgment remedies.  They may file motions
> pursuant to the applicable Rules of Civil
> Procedure, or file a timely notice of appeal to
> the federal appeals court.  This approach
> permits, but does not require the parties to
> file post-judgment motions, and it does not
> create a special procedural time frame for
> post-judgment motions . . . .  This hybrid
> procedure also assures that the appeal is based
> on a judgment actually entered by the district
> court, and thereby precludes this court from
> assuming the role of a state appellate court.

<u>Id.</u> at 573.  As such, the court deems the state court's April

15, 2013 judgment order to have been adopted immediately upon

removal on April 15, 2013.

     With respect to defendant's motion for relief from

judgment, the magistrate judge recommended that the court grant

defendant's motion.  He first found that defendant met the

initial threshold required before a party may seek relief under

Rule 60(b).  Namely, the magistrate judge found that defendant

made a showing of timeliness, a meritorious defense, a lack of

unfair prejudice to plaintiff, and exceptional circumstances.

PF&R at 5-9; see also Werner v. Carbo, 731 F.2d 204, 207 (4th
Cir. 1984) (detailing these initial threshold requirements).
Because the magistrate judge determined that this initial
threshold was met, he moved on to address whether defendant
satisfied one of the six specific sections of Rule 60(b).  He
found that defendant satisfied Rule 60(b)(1).  That is, relief
from the judgment was warranted because of "mistake,
inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P.
60(b)(1); PF&R at 10.

Plaintiff's sole objection is to one particular statement
in the PF&R.  The magistrate judge stated that "[t]he notice of
hearing issued by the Magistrate Court concerned the Defendant's
Motion for More Definite Statement.  Additionally, defense
counsel notified Magistrate Fowler's staff that Defendant was
filing a Notice of Removal in Federal Court and the hearing was
unnecessary."  PF&R at 10.  Plaintiff objects to this finding,
arguing that the notice to appear does not indicate that it is
for defendant's motion for a more definite statement and that
the magistrate court therefore had a right to decide the merits
at the noticed hearing.  Objections at 1-2.  This objection,
while not fully articulated, goes directly to the magistrate
judge's finding that defendant satisfied Rule 60(b)(1)'s
requirement for mistake, inadvertence, surprise, or excusable

neglect.[2]  That is, plaintiff essentially argues that defendant
should not have been surprised by the fact that the merits were
decided at the April 15 hearing because the notice of hearing
does not state that the hearing was to concern defendant's
motion for a more definite statement.

It is true, as plaintiff points out, that the notice to
appear does not state that the hearing was to concern
defendant's motion for a more definite statement.  However, the
assumption made by defendant and accepted by the magistrate
judge that the hearing was to address that motion is a logical
one.  Critical to this assumption is the language used in Rule
11 of the Rules of Civil Procedure for the Magistrate Courts of
West Virginia.  Rule 11 refers to two separate kinds of notices
– a "notice of trial" and a "notice of pretrial hearing."  The
notice to appear in this case refers to a "hearing" to be held
on April 15.  The use of "hearing" rather than "trial" indicates
that the hearing was to be for something other than deciding the
merits of the case.  Quite naturally, defendant assumed this
meant that the hearing was for the only pending motion – the
motion for a more definite statement.  When this case became
removable after the filing of plaintiff's response on April 1,

---

[2] Because plaintiff is proceeding pro se, his filings are held to
a less stringent standard than if they were prepared by a lawyer
and are construed liberally.  Haines v. Kerner, 404 U.S. 519,
520-21 (1972).

2013 and defendant decided to remove, the hearing was no longer
necessary.  In retrospect, defendant likely should have acted
more swiftly in removing this matter so as to avoid the
predicament it is currently in.  But, at the time, it is
understandable why defendant would feel blindsided by the entry
of a final judgment at the April 15 hearing.  The notice to
appear provides no indication that the merits of the dispute
would be resolved at the hearing.  As such, defendant is
entitled to relief from the judgment because of mistake,
inadvertence, surprise, or excusable neglect.[3]

## IV. <u>Conclusion</u>

Accordingly, the court OVERRULES plaintiff's objections to
Magistrate Judge VanDervort's PF&R.  The court adopts the
factual and legal analysis contained within the PF&R, GRANTS
defendant's motion for relief from judgment (Doc. No. 7), and
refers this matter back to Magistrate Judge VanDervort for
further proceedings.

The Clerk is directed to forward a copy of this Memorandum
Opinion and Order to plaintiff, pro se, and counsel of record.

---

[3] The court recognizes that this action came from a small claims
court which utilizes procedures designed to expedite such
claims.  Yet, the notice to appear is wholly insufficient to
provide notice that a final judgment would be entered at the
hearing even under this circumstance.  Notably, the notice does
not fully comply with Rule 11(a) of the Rules of Civil Procedure
for the Magistrate Courts of West Virginia.

IT IS SO ORDERED this 5th day of November, 2013.

Enter:

David A. Faber
Senior United States District Judge